UNITED STATES DISTRICT COURT
FOR THE Northern District of Illinois – CM/ECF NextGen 1.7.1.1
Eastern Division

Nikko D' Ambrosio

                Plaintiff,

v.                                               Case No.: 1:24–cv–00200
                                              Honorable Sharon Johnson Coleman

Meta Platforms, Inc., et al.

                Defendant.

## NOTIFICATION OF DOCKET ENTRY

This docket entry was made by the Clerk on Thursday, January 25, 2024:

      MINUTE entry before the Honorable Sharon Johnson Coleman: Plaintiff Nikko D' Ambrosio brings a seven Count class action against 40 plus defendants. Plaintiff asserts jurisdiction is proper pursuant to 28 U.S.C. § 1332 for diversity jurisdiction. In his complaint, the Plaintiff alleges he resides in the territorial jurisdiction of the District Court, which is Illinois. However, several of the named Defendants are also Illinois residents. The Court understands "[r]esidency does not necessarily equate to domicile." Grandinetti v. Uber Techs., Inc., No. 19 C 05731, 2020 WL 4437806, at *4 (N.D. Ill. Aug. 1, 2020) (Chang, J.). However, the Plaintiff does not assert any other basis for his or the Defendants' domicile besides their residency; therefore, the Court equates the two here. Although, the Class Action Fairness Act ("CAFA") allows removal of a class action from state court to federal if there is minimal diversity, the present complaint fails to assert jurisdiction based on CAFA. See Calchi v. TopCo Assocs., LLC, No. 22–CV–747, 2023 WL 3863355, at *3 (N.D. Ill. June 7, 2023) (Seeger J.) (quoting Dancel v. Groupon, Inc., 940 F.3d 381, 383 (7th Cir. 2019), which states that "[t]he CAFA permits removal of a proposed class action to federal court as long as there is minimal diversity, meaning just one member of the plaintiff class needs to be a citizen of a state different from any one defendant.")). Consequently, Plaintiff fails to meet his burden that jurisdiction is proper pursuant to CAFA. Schutte v. Ciox Health, LLC, 28 F.4th 850 (7th Cir. 2022). Because it is well established that traditional diversity jurisdiction is destroyed when a plaintiff's and a single defendant's domicile is the same state, jurisdiction is improper. See Page v. Democratic Nat'l Comm., 2 F.4th 630, 636 (7th Cir. 2021) (citing Wis. Dep't of Corr. v. Schacht, 524 U.S. 381, 388, 118 S.Ct. 2047, 141 L.Ed.2d 364 (1998)). Because the Court does not have subject matter jurisdiction over this case, the Court dismisses this case. Status hearing set for 3/11/2024 is stricken. Civil case terminated. Mailed notice. (ym)

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and

criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at **www.ilnd.uscourts.gov**.